SHIVERS, Judge.
Appellant obtained a judgment against the appellees on January 29, 1976. Pursuant to that judgment, appellant attempted to execute upon the real property of the appellees. The appellees filed an affidavit designating the said real property as homestead to defeat the execution. Appellant then filed this action to set aside the appel-lees’ designation of homestead. The trial was before the court without a jury. At the close of the appellant’s case, appellees moved for a directed verdict on the grounds that appellant had failed to prove recordation of a certified copy of the judgment against appellees, and that appellant had failed to overcome the presumption of homestead. After hearing arguments of counsel, the trial court granted appellees’ motion for a directed verdict, and cited therein the lack of proof of recordation of a certified copy of the judgment as the basis of its order. Appellant’s motion for a new trial was denied by the trial court. This appeal followed.
By instrument styled “Summation of Case,” the parties stipulated as follows:
*CXII “SUMMATION OF CASE

ISSUE NO. I:

DID CHARLES AND THERESA BOUCHER ABANDON THEIR HOMESTEAD

ANSWER:

If yes, the Judgment is a lien on the property and subject to sale.
If the answer to the above is no, then the second issue must be addressed.

ISSUE NO. 2:

DID THE PROPERTY LOCATED AT 1438 [and surrounding vacant lots] [DWM] [DCG] CASSAT AVENUE, JACKSONVILLE, FLORIDA, BECOME A PART OF THE HOMESTEAD BEFORE THE JUDGMENT OF LIEN ATTACHED

ANSWER:

If the answer to the above is yes, then the entire property owned by Charles and Theresa Boucher is exempt.
If the answer to the above is no, then that portion of the property owned by Charles and Theresa Boucher, formerly leased to Cassat Avenue Mobile Homes, Inc., is not exempt.”
Appellant argues that the summation of the case stipulates to the validity of the underlying lien, with the only issue to be determined by the trial court being whether the appellees properly designated the real property as homestead. Appellant further argues that he was not required to prove that a certified copy of the judgment had been recorded. We agree. While it may have been better practice for appellant to have proven that a certified copy of the judgment had been recorded, we are of the opinion that the parties had stipulated to the validity of the underlying lien by the instrument styled “Summation of Case.”
Reversed and remanded for a new trial.
MILLS, C. J., and McCORD, J., concur.